IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-1113-WEB |
| | ) | |
| DEFENDANT NO. 1: $20,000.00, | ) | |
| more or less, paid into Court's registry, | ) | |
| Case No. 06-20066, and | ) | |
| | ) | |
| DEFENDANT NO. 2: $5,000.00, | ) | |
| more or less, paid into Court's registry, | ) | |
| Case No. 06-20066. | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

On June 17, 2009, James A. McKeighan filed a Claim (Doc. 3, titled "Notice of Interest and Claim Against Defendant No. 1 and Defendant No. 2").  Then on June 29, 2009, Mr. McKeighan filed a Motion for Order for Withdrawal of Money Paid into the Court and Deposited by Defendant James McKeighan (Doc. 4).  On December 18, 2009, the United States of America ("Government") filed a Motion to Strike Claim of James A. McKeighan for Lack of Standing (Doc. 15).  Mr. McKeighan filed an amended claim (Doc. 16, titled "Amended Notice of Interest and Claim Against Defendant No. 1 and Defendant No. 2) on January 8, 2010.  On that same day, Mr. McKeighan filed an Amended Motion for Order for Withdrawal of Money Paid into the Court and Deposited by Claimant James McKeighan (Doc. 17).   On February 18, 2010, Mr. McKeighan filed a response to the Government's Motion to Strike (Doc. 19).  No reply has been filed.

Statement of Facts

Mr. McKeighan was charged in the District of Kansas in 2006 by Indictment and in 2007 by Superceding Indictment with possession with the intent to distribute methamphetamine, possession with intent to distribute marijuana, two firearms violations, and one count of money laundering. *See,* Case No. 06-20066, Doc. 64. Following trial, Mr. McKeighan was convicted on the drug and firearm violations and sentenced to 293 months. *See,* Case No. 06-20066, Doc. 328.

During a portion of aforementioned criminal case, Mr. McKeighan was represented by Texas attorney, Baltazar Salazar and Melanie Morgan was local counsel. *See,* Case No. 06-20066, Docs. 22 & 26. The source of the money paid to Mr. Salazar and Ms. Morgan as attorney fees became an issue after the Government sought fee disclosure information. *See,* Case No. 06-20066, Doc. 29. The Court ordered that the attorney fees be paid into the Court's registry. Mr. Salazar and Ms. Morgan complied, depositing $20,000 and $5,000 respectively. *See,* Case No. 06-20066, Doc. 36. Defendant No. 1 in the instant case is the $20,000 paid into the Court's registry in the previous case by Mr. Salazar. Defendant No. 2 is the $5,000 paid into the Court's registry in the previous case by Ms. Morgan.

Ms. Morgan subsequently filed a motion in the aforementioned case seeking the release of the $5,000 she paid into the Court's registry which represented the portion of the $25,000 that had been paid to her by Mr. Salazar as her local counsel retainer. *See,* Case No. 06-20066, Doc. 261.

Mr. McKeighan, through his new counsel (Phillip Gibson), filed a response stating

that "because the funds used to pay the retainer to Mr. Salazar did not come from Defendant [McKeighan], Defendant makes no claim to any of the funds..." Case No. 06-60066, Doc. 263, pg. 1.

Rule of Law

In order to stand before a court and contest a forfeiture, a claimant must meet both Article III and statutory standing requirements. *United States v. $487,825.00 in U.S. Currency,* 484 F.3d 662, 664 (3rd Cir. 2007). Standing is a threshold issue on which the claimant bears the burden of proof in every civil forfeiture case. *United States v. Real Property Located at 5208 Los Franciscos Way,* 385 F.3d 1187, 1191 (9th Cir. 2004).

Analysis

I. Article III Standing

"Article III standing is a threshold question in every federal court case." *United States v. One Lincoln Navigator,* 328 F.3d 1011, 1013 (8th Cir. 2003). "In a forfeiture case, a claimant's Article III standing turns on whether the claimant has a sufficient ownership interest in the property to create a case or controversy." *Id.* "At the pleading stage, a claimant satisfies the Article III burden by alleging a sufficient interest in the seized property, such as an ownership interest, some type of lawful possessory interest, or a security interest." *United States v. $148,840.00 in U.S. Currency,* 521 F.3d 1268, 1273 (10th Cir. 2008).

Mr. McKeighan's Claim (Doc. 3) merely states that "he is contesting the forfeiture notice against Defendant No. 1 and Defendant No. 2. Mr. McKeighan is filing a claim to

both of the above mentioned Defendants' [*sic*] ..." His claim does not allege ownership interest, any type of lawful possessory interest, or a security interest.

Mr. McKeighan, in his Response (Doc. 19) to the Government's Motion to Strike, alleges that Mr. Gibson told him that "he was placing a claim in Mr. McKeighan's name" on the retainers paid into the Court's registry. *Id.* at p. 2. However, this alone does not satisfy the Article III burden of alleging a sufficient interest in the property seized.

Further, during his trial in Case No. 06-20066, Leigh Bledsoe–Mr. McKeighan's girlfriend and co-defendant–testified regarding the source of the money used to fund the attorneys fees that make up Defendants 1 and 2 in the present case. *See,* Case No. 06-20066, Doc. 337, pgs. 194-259. Ms. Bledsoe testified that while Mr. McKeighan was detained, a friend of his delivered approximately $27,000 to her house. *See,* Case No. 06-20066, Doc. 337, pgs. 226-228. Ms. Bledsoe testified that she was told that the money came from a car that the friend has sold, and the rest of the money was from friends and family. *See,* Case No. 06-20066, Doc. 337, pgs. 227-228.

In fact, in Mr. McKeighan's own Memorandum of Law in Support of Motion for Order for Withdrawal of Money Paid Into the Court and Deposited (Doc. 4-1), he states that his "girlfriend of eleven (11) years [Leigh Bledsoe], continued to collect money from Mr. McKeighan's family and friends to hire counsel for McKeighan. Attorney Baltazar Salazar was hired and Mr. Salazar hired Melanie Morgan as local counsel." *Id.* at p. 1.

Although Mr. McKeighan contests a portion of the facts regarding Ms. Bledsoe, the portion he contests relates to the allegation that Mr. Salazar instructed Ms. Bledsoe to

bring specific amounts of cash to each meeting.  *See,* Doc. 19, pgs. 4-5, ¶5.  This point is irrelevant for present purposes.

Further, in Mr. McKeighan's Affidavit in Support of Motion for Order for Withdrawal of Money Paid into the Court and Deposited (Doc. 4-2), he claims that "Defendant No. 1 and Defendant No. 2 was [*sic*] money that was paid to hire retained counsel for Mr. McKeighan."  Doc. 4-2, Statement 3.  He acknowledges that "[f]amily and friends helped financially fund a defense so Mr. McKeighan could retain counsel."  *Id.* at Statement 5.

Again, in Mr. McKeighan's Declaration in Support of Motion for Order for Withdrawal of Money Paid into the Court and Deposited (Doc. 4-3)--which he declared was made under the penalty of perjury--he states that "[f]amily members and friends of mine threw money into a defense fund to hire counsel for myself."  *Id.* at Statement 2.  Further, in his pleadings, he merely asserts a generic claim to the defendants and states that he is giving notice that he is contesting their forfeiture.

Mr. McKeighan "prays that this Honorable Court recognize[] that he is not a law[y]er and grant and accept[]" the Amended Notice of Interest and Claim Against Defendant No. 1 and Defendant No. 2, the Amended Response to the Complaint, the Motion for Order for Withdrawal of Money Paid into the Court and Deposited, and its supporting motions.  Doc. 19, p. 4.

Although Mr. McKeighan is appearing pro se, and the Court thus construes his filings liberally, it cannot assume the role of his advocate, *see Merryfield v. Jordan*, 584

bring specific amounts of cash to each meeting.  *See,* Doc. 19, pgs. 4-5, ¶5.  This point is irrelevant for present purposes.

Further, in Mr. McKeighan's Affidavit in Support of Motion for Order for Withdrawal of Money Paid into the Court and Deposited (Doc. 4-2), he claims that "Defendant No. 1 and Defendant No. 2 was [*sic*] money that was paid to hire retained counsel for Mr. McKeighan."  Doc. 4-2, Statement 3.  He acknowledges that "[f]amily and friends helped financially fund a defense so Mr. McKeighan could retain counsel."  *Id.* at Statement 5.

Again, in Mr. McKeighan's Declaration in Support of Motion for Order for Withdrawal of Money Paid into the Court and Deposited (Doc. 4-3)--which he declared was made under the penalty of perjury--he states that "[f]amily members and friends of mine threw money into a defense fund to hire counsel for myself."  *Id.* at Statement 2.  Further, in his pleadings, he merely asserts a generic claim to the defendants and states that he is giving notice that he is contesting their forfeiture.

Mr. McKeighan "prays that this Honorable Court recognize[] that he is not a law[y]er and grant and accept[]" the Amended Notice of Interest and Claim Against Defendant No. 1 and Defendant No. 2, the Amended Response to the Complaint, the Motion for Order for Withdrawal of Money Paid into the Court and Deposited, and its supporting motions.  Doc. 19, p. 4.

Although Mr. McKeighan is appearing pro se, and the Court thus construes his filings liberally, it cannot assume the role of his advocate, *see Merryfield v. Jordan*, 584

F.3d 923, 924 n.1 (10th Cir. 2009), and certainly cannot manufacture arguments that he has not presented. Even taking into account the claims Mr. McKeighan makes, including the alleged misrepresentation of facts by the government, he has not met his burden of pleading a sufficient ownership interest in the seized property. By his own affidavit and the corroborated sworn testimony of Ms. Bledsoe during Mr. McKeighan's criminal trial, it has been shown that Mr. McKeighan was not the source of the seized funds. By his own admission, the funds were contributed by family and friends to pay for his defense. He does not allege that he possessed the funds at any point. He does not claim that the funds were seized from him. Furthermore, he has not stated any facts that would support a finding that he has a sufficient ownership interest in the funds.

     II. <u>Statutory Standing</u>

Since Article III standing is a threshold issue, and because Mr. McKeighan does not have Article III standing, the Court does not reach the issue of statutory standing at this time.

<u>Conclusion</u>

THEREFORE, for all of the foregoing reasons, Mr. McKeighan has not stated a sufficient interested in the seized property, and thus he does not have the requisite standing.

IT IS ORDERED that the Government's Motion to Strike Claim of James A. McKeighan (Doc. 15) is GRANTED.

IT IS FURTHER ORDERED that the Defendant's Motion for Order for Withdrawal of Money Paid into the Court and Deposited (Doc. 17) is DENIED for lack of standing.

IT IS SO ORDERED this 4th day of March 2011, at Wichita, Kansas.

s/ Wesley E. Brown

Wesley E. Brown

U.S. Senior District Judge